UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>MARIO DIAZ, et al.,<br><br>        Defendants.<br>_____/ | NO. CR. 2:07-248 WBS<br><br>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS FOR<br>OUTRAGEOUS GOVERNMENT CONDUCT |

----oo0oo----

Defendants Larry Sixto Amaro, Gerardo Lopez Mora, Ernest Paul Killinger, Jason Michael Stewart Hanson, Bismark Martin Ocampo, Benjamin Santos Castro, Marco Anthony Gomez, Edward Fuentes, Richard Mendoza, David Perez Ramirez, Faustino Gonzales, Oscar Campos Padilla, Valdemar Salazar Cambunga, and Gabriel Carracheo filed this motion requesting an evidentiary hearing and dismissal of the Second Superseding Indictment against them for outrageous government conduct. Defendants allege that the government allowed CW-1, a confidential

1

government informant in this case, to continue operating as an informant despite knowledge that CW-1 was a suspect in a homicide and continued to distribute methamphetamine and act as a Norteno gang leader during his work for the government.

"A district court may dismiss an indictment on the ground of outrageous government conduct if the conduct amounts to a due process violation." United States v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991). Dismissal is an extraordinary remedy, and accordingly "a defendant must meet an extremely high standard" to secure it. United States v. Nobari, 574 F.3d 1065, 1081 (9th Cir. 2009); see also United States v. Rogers, 751 F.2d 1074, 1076 (9th Cir. 1985) ("Because it is a drastic step, dismissing an indictment is a disfavored remedy."). "To warrant dismissal on due process grounds, government conduct must be so grossly shocking and outrageous as to violate the universal sense of justice." United States v. Kearns, 5 F.3d 1251, 1253 (9th Cir. 1993). If the government's conduct does not rise to the level of a due process violation, the court may dismiss an indictment under its supervisory powers. Barrera-Moreno, 951 F.2d at 1091. "These powers may be exercised for three reasons: to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." Id.

Defendants request an evidentiary hearing on their motion. For a defendant to be entitled to a pre-trial evidentiary hearing based on an outrageous government conduct claim, the defendant's moving papers must at a minimum present a

2

colorable claim for relief which alleges specific facts supporting a claim of government misconduct.  See <u>United States v. Olachea-Jimenes</u>, 86 F.3d 1164 (9th Cir. 1996); <u>United States v. Voigt</u>, 89 F.3d 1050, 1067 (3d Cir. 1996).  Defendants are not entitled to an evidentiary hearing because, even taking all of defendants' allegations as true, their motion fails to state a colorable outrageous government conduct claim.  See <u>Olachea-Jimenes</u> at 1164; see also <u>United States v. Lazarevich</u>, 147 F.3d 1061, 1065 (9th Cir. 1998).

"Due process is not violated unless the conduct is attributable to and directed by the government." <u>Barrerra-Moreno</u>, 951 F.2d at 1092.  The Ninth Circuit has found due process violations due to outrageous government conduct "in instances where the government has 'engineer[ed] and direct[ed] the criminal enterprise from start to finish' and in 'that slim category of cases in which the police have been brutal, employing physical or psychological coercion against the defendant.'" <u>United States v. Fernandez</u>, 388 F.3d 1199, 1238 (9th Cir. 2004) (internal citations omitted).

Here, defendants only allege that the government was aware of illegal activity by CW-1 and turned a blind eye to such conduct; defendants do not contend that the government directly participated in, engineered, or encouraged any illegal activity by CW-1.  Government tolerance of an informant's illegal activities does not rise to the level of a due process violation. See <u>id.</u> at 1239 (rejecting outrageous government conduct claim where government used informant while he continued to engage in illegal conduct and threatened to attack defendant); <u>Barrera-</u>

3

1  Moreno, 951 F.2d at 1092 ("Passive tolerance . . . of a private
2  informant's questionable conduct is less egregious than the
3  conscious direction of government agents typically present in
4  outrageous conduct challenges."); see also United States v.
5  Stenberg, 803 F.2d 422, 430-31 (9th Cir. 1986) (rejecting
6  outrageous government conduct claim where a government agent
7  engaged in illegal conduct himself).  Accordingly, defendants
8  have failed to identify government conduct so egregious as
9  violate due process.
10          For the same reasons, defendants are not entitled to a
11 dismissal of the indictment pursuant to the court's supervisory
12 powers.  To justify dismissal under the court's supervisory
13 powers, prosecutorial misconduct must "(1) be flagrant and (2)
14 cause substantial prejudice to the defendant."  United States v.
15 Ross, 372 F.3d 1097, 1110 (9th Cir. 2004) (internal citation
16 omitted).  The allegation that the government allowed an
17 informant to continue with illegal activities is not conduct so
18 flagrant as to justify dismissal of this case.  See Barrera-
19 Moreno, 951 F.2d at 1091-93 (reversing dismissal of indictment
20 under supervisory powers because of government informant's
21 distribution and use of cocaine during investigation).
22 Defendants have not identified any statutory or constitutional
23 violation by the government as a result of its alleged failure to
24 rein in CW-1 that needs to be remedied through dismissal.
25 Judicial integrity is also not threatened by the government's
26 alleged conduct in this case, since the actions at issue were by
27 executive branch members outside of the courtroom and defendants
28 will have the opportunity to impeach CW-1 if he attempts to

4

testify against them at trial.  See id. at 1092 (holding judicial integrity is rarely threatened by activity outside the courtroom and that courts do not have the authority to supervise executive activity in the absence of statutory or constitutional violations).

Defendants have also failed to show that they suffered substantial prejudice as the result of the government's conduct. Exercise of the court's supervisory power can only occur where "the government's conduct . . . caused substantial prejudice to the defendant . . . ."  United States v. Lopez, 4 F.3d 1355, 1464 (9th Cir. 1993); Rogers, 751 F.2d at 1077.  Defendants' motion does not identify any prejudice they will suffer as the result of the government's alleged knowledge of CW-1's criminal acts. While defendants' motion laments the harm done to the city of Stockton by allowing CW-1's illegal activities to continue, such harm does not demonstrate that defendants will suffer prejudice so substantial as to justify the extraordinary remedy of dismissal.

Defendants also contend that the indictment should be dismissed because the government allegedly perjured itself in its Opposition to defendants' motion when it claimed that CW-1 had been cleared of the homicide of John Escobar by an alibi. Defendants argue that the government's contention constituted perjury because CW-1's alibi was subject to dispute and he continued to be a person of interest in the homicide investigation after he supplied his alibi to police.

There is no showing of perjury by the government.  In legal parlance, the claim that a suspect is "cleared by an alibi"

does not mean that the government necessarily believes that the suspect did not commit the crime at issue.  Rather it indicates that the government believes the alibi makes it unlikely that the prosecution can establish its case beyond a reasonable doubt at trial.  Defendants' argument incorrectly equates the government's recognition, after investigation, that CW-1's purported alibi made it unlikely that any homicide charges against him would succeed with its actual belief of his alibi.  The government has accordingly not perjured itself by stating that CW-1 was cleared by an alibi, even if it does not truly believe that CW-1 was innocent of the crime at issue.  Regardless, the alibi argument made in the government's Opposition is not so grossly outrageous as to justify a sanction so extraordinary as dismissing the Second Superceding Indictment.

        IT IS THEREFORE ORDERED that defendants' motion to dismiss the Second Superceding Indictment for outrageous government conduct be, and the same hereby is, DENIED.

DATED:  July 20, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE