UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN SANTOS CASTRO,<br><br>Defendant. | CR. NO. 2:07-248-09 WBS<br><br>ORDER RE: MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2) |

----oo0oo----

Before the court is defendant Benjamin Castro's Motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") and Amendment 782 of the United States Sentencing Guidelines. (Def.'s Mot. (Docket No. 1592).) The government opposes defendant's Motion. (Gov't Opp'n (Docket No. 1601).)

On August 22, 2011, defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute at least fifty grams of methamphetamine and at least five grams of cocaine, marijuana, and MDMA in violation of 21 U.S.C. § 841(a)(1) and 846, and two counts of use of a communication

1

facility for the purpose of drug trafficking in violation of 21 U.S.C. § 843(b). (Presentence Report ("PSR") ¶ 1.) Defendant's Guidelines sentencing range, based on an offense level of 37 and a criminal history category of V, was 324 to 405 months in prison. (Id. ¶ 115). On May 7, 2012, the court sentenced defendant to 300 months in prison. (Docket No. 1093).

Defendant now seeks to reduce his sentence to 240 months in prison pursuant to Section 3582(c)(2) and Amendment 782. (Def.'s Mot. at 3). Section 3582(c)(2) allows a federal court to "modify a term of imprisonment" where "a defendant [was] sentenced . . . based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(2). The United States Supreme Court held in Dillon v. United States, 560 U.S. 817 (2010) that Section 3582(c)(2) involves "a two-step inquiry." Id. at 826. "A court must first determine that a reduction is consistent with [the policies set forth in] § 1B1.10" of the Guidelines ("Section 1B1.10"). Id. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Id. at 827.

With respect to step one, the government concedes that Amendment 782 reduced defendant's Guidelines sentencing range to 210 to 262 months and that a sentence reduction would be consistent with Section 1B1.10. (Gov't Opp'n at 3).

With respect to step two, however, the government asks

2

1 | the court to exercise its discretion and decline to provide any
2 | reduction of the defendant's sentence.  The government notes that
3 | the defendant: (1) participated in a drug conspiracy that
4 | trafficked "massive quantities of methamphetamine, cocaine, and
5 | marijuana," (see id. at 4); (2) operated in the "leadership" of
6 | the conspiracy as a regiment commander, (see id. at 5); and (3)
7 | committed violent offenses in close succession to each other
8 | without an effort to become a law abiding citizen (see id.
9 | (citation omitted).).

Defendant claims that he has made substantial efforts towards rehabilitation while incarcerated, but he has been sanctioned by the Bureau of Prisons twice: once for possessing a dangerous weapon and another time for fighting with another inmate. (See Gov't Opp'n Ex. A).  Notwithstanding the amount of time that has elapsed since these incidents, the court is not persuaded that any conduct of defendant after incarceration warrants a reduction in his sentence.

Having reviewed the documents relevant to defendant's Motion and for the reasons set forth with particularity in the court's original sentencing order (Docket No. 1080), the court determines that a sentence reduction is not warranted under step two of Dillon.  Accordingly, the court will deny defendant's Motion.

IT IS THEREFORE ORDERED that defendant's Motion for sentence reduction pursuant to § 3582(c)(2) (Docket No. 1592) be, and the same hereby is, DENIED.

Dated: September 10, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE