UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>BENJAMIN SANTOS CASTRO,<br><br>            Defendant. | No. 2:07-cr-0248-09 WBS<br><br>ORDER |
|---|---|

----oo0oo----

On September 30, 2021, defendant Benjamin Santos Castro filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582. (Docket No. 1702.)  The court previously denied a similar motion by defendant in 2018.[1]  (Docket Nos. 1592, 1607.)  In the instant motion, defendant emphasizes that (1) he has had no further disciplinary issues since those listed in the court's prior order, (2) he has participated in additional rehabilitation "programming" in prison, (3) he has further strengthened his contacts with his family, and (4) he has financial support and

---

[1]   Because the government does not argue that defendants may not file successive motions under § 3582, the court assumes, but does not decide, that such motions are permitted.

1

employment arranged after his release.  Defendant also notes the reduced sentences received by some of his co-defendants and the similarity in recidivism rates between released offenders who had their sentences reduced under Amendment 782 and those who served the full term under the original Guidelines.

Notwithstanding these additional grounds raised by defendant, the court determines that a sentence reduction is not warranted under step two of Dillon v. United States, 560 U.S. 817, 826-27 (2010), for the reasons set forth with particularity in the court's original sentencing order.  (See Docket No. 1080.) Accordingly, defendant's Motion (Docket No. 1702) is DENIED.

IT IS SO ORDERED.

Dated:  November 23, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE